The decision below is signed as a decision of the court.

Signed: August 06, 2007.



/s/ S. Martin Teel, Jr.
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHANIE MONIE BOND, | ) | Case No. 07-00260 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE: MAZDA AMERICAN CREDIT'S MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT OR, IN THE ALTERNATIVE, <u>FOR ENTRY OF ORDER CONFIRMING TERMINATION OF AUTOMATIC STAY</u>

Mazda American Credit has filed a Reaffirmation Agreement between Mazda American Credit ("Mazda") and the debtor (Docket Entry ("DE") No. 12, filed July 10, 2007) and a Motion for Approval of Reaffirmation Agreement with Mazda American Credit or, in the Alternative, for Entry of Order Confirming Termination of the Automatic Stay (DE No. 13, filed July 10, 2007). Without addressing whether the reaffirmation agreement ought to be disapproved,[1] the court will deny Mazda's alternative request for

---

[1] By separate order, the court has stricken the reaffirmation agreement based upon debtor's counsel's failure to certify that, in his opinion, the debtor is able to make the payments called for under the agreement. The court has directed the parties to file an amended agreement within 14 days after entry of that order.

entry of order confirming termination of the automatic stay for the following reasons.

I

In the event the court disapproves the reaffirmation agreement, Mazda asks that the court enter an order "confirming" termination of the automatic stay.  Mazda contends that, if the court disapproves the reaffirmation agreement, the automatic stay will terminate with regard to the debtor's vehicle pursuant to 11 U.S.C. § 521(a)(6) because "the Debtor will have failed to either redeem the aforesaid vehicle or reaffirm the indebtedness which it secures . . . ."

Mazda has misconstrued § 521(a)(6).  Section 521(a)(6) addresses the automatic termination of the stay if certain specified acts do not occur within 45 days after the first meeting of creditors under § 341(a).  Specifically, if the debtor fails to enter into a reaffirmation agreement or to redeem the collateral within the 45-day period, the stay terminates.  The stay does <u>not</u> automatically terminate, however, if the debtor has entered into a reaffirmation agreement within that 45-day period. This is true even if the court disapproves the reaffirmation agreement.  <u>See</u> <u>In re Donald</u>, 343 B.R. 524, 541 (Bankr. E.D.N.C. 2006) (acknowledging that, in some circumstances, a reaffirmation agreement entered into by the debtor in good faith but disapproved by the court may satisfy the requirements of §

521(a)(6)). Events occurring after the 45-day period expires have no impact on the automatic stay under § 521(a)(6), and given that the court can disapprove a reaffirmation agreement before or after the expiration of the 45-day period, the court concludes that such disapproval cannot trigger an automatic termination of the stay.[2]

## II

For all of these reasons, the court will deny Mazda's request for an order confirming termination of the automatic stay in the event the court disapproves the reaffirmation agreement.

An order follows.

[Signed and dated above.]

Copies to:  Debtor; Debtor's attorney; Chapter 7 Trustee; Michael Klima; Office of United States Trustee.

---

[2] If events occurring after the expiration of the 45-day period could trigger an automatic termination of the stay under § 521(a)(6), the trustee would have no meaningful way to anticipate the need to file a motion to continue the stay before his right to do so expired. This would frustrate the trustee's ability to administer the estate.